IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA QUINN BRYSON, )
)
       Plaintiff, )
)
  -vs- ) Civil Action No. 13-1258
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
       Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9, 15 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income benefits pursuant to the Social Security Act ("Act"). In her applications, Plaintiff alleges she became disabled on October 13, 2009. (ECF No. 7-5, p. 2, 6). Administrative Law Judge ("ALJ"), Mark M. Swayze, held a hearing on February 2, 2012. (ECF No. 7-2, pp. 38-82). On February 23, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 18-32). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 12).

The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  **Examining Psychological Consultant, Dr. Farangis Goshtasbpour**

On March 25, 2010, Dr. Farangis Goshtasbpour performed a psychological consultative examination of Plaintiff. (ECF No. 7-8, pp. 33-38). Plaintiff argues that the ALJ erred in failing to "meaningfully consider" Dr. Goshtasbpour's opinion that Plaintiff "would have difficulty holding employment." (ECF No. 9, pp. 16-20; No. 16, pp. 1-5). To that end, Plaintiff submits that there is no way for me to perform a meaningful review of the same and remand is required. *Id.* I disagree.

To begin with, contrary to Plaintiff's position, Dr. Goshtasbpour did not opine that Plaintiff "would have difficulty holding employment." (ECF No. 9, p. 16). Rather, Dr. Goshtasbpour stated only that she "may experience difficulty." (ECF No. 7-8, p. 38). More specifically, Dr. Goshtasbpour stated, *inter alia,* as follows:

In terms of her ability to understand, retain, and follow instructions, this seems to

3

be reasonably intact. Her ability to concentrate long enough to perform simple repetitive task[s] seems to be within normal limits. Psychiatrically, the claimant seems stable enough to tolerate the stress and pressures associated with day-to-day work activity. Behaviorally, given her history and presentation, she may experience difficulty holding down a job for extended period due to her preoccupation with her current medical problems.

(ECF No. 7-8, p. 38).

The ALJ recognized that Dr. Goshtasbpour found, *inter alia,* as follows:

[T]he claimant's ability to understand, retain and follow instructions was reasonably intact. Her ability to concentrate long enough to perform simple repetitive task was within normal limits. Overall,…Dr. Goshtasbpour concluded that the claimant was stable enough to tolerate the stress and pressures associated with day-to day work activity. The only thing…Dr. Goshtasbpour noted that may interfere with her ability to hold down a job was her own preoccupation with her current health problems.

(ECF No. 7-2, p. 28). The ALJ then afforded Dr. Goshtasbpour's opinion substantial weight stating: "Overall, he concluded that the claimant was capable of understand[ing], retain[ing] and follow[ing] instructions, and that she could perform simple repetitive tasks." *Id.* at p. 30. Plaintiff argues that it is not clear whether and how the ALJ considered Dr. Goshtasbpour's opinion that Plaintiff "would have difficulty holding employment." (ECF No. 9, p. 17). Given the ALJ's opinion, there is no doubt that the ALJ meaningfully considered this evidence as he specifically mentioned it in his opinion. *See,* ECF No. 7-2, p. 28.

Furthermore, there is no requirement for an ALJ to discuss or refer to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). After a review of the record, I find the ALJ provided sufficient rationale for his explanation such that I am able to make a meaningful review. Accordingly, I find his decision that Plaintiff has the residual functional capacity ("RFC") to perform work that is "limited to simple, routine and repetitive tasks involving very short, simple instructions

in a low stress work environment" to be based on substantial evidence. (ECF No. 7-2, p. 23; No. 7-8, p. 38). Consequently, I find no error in this regard.[1]

### C. Plaintiff's Treating Physician, Dr. Edward Salopek

Plaintiff's next argument is that the ALJ erred in dismissing the opinion of Plaintiff's treating physician, Dr. Edward Salopek, as it relates to her physical limitations only. (ECF No. 9, pp. 20-29). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."[2] *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

---

[1] Plaintiff also seems to infer that the ALJ also erred in failing to address whether Plaintiff meets or equals listing §12.07(A)(3). 20 C.F.R. §404.1520, Part 404, Subpart P, Appendix 1 (§12.07 Mental Disorders, Somatoform Disorders). (ECF No. 9, p. 18; p. 20, n. 4). Listing §12.07 requires a claimant to satisfy the criteria in paragraph "B". *Id.* The ALJ assessed the criteria in paragraph "B" when he considered other listings in §12.00 and found Plaintiff did not meet said criteria. (ECF No. 7-2, pp. 21-23). Consequently, Plaintiff would not have met the criteria for Listing §12.07 in any event. Thus, I find any alleged failure on the part of the ALJ to consider listing §12.07 would have been harmless.

[2] I note that the ALJ recognized Dr. Salopek as a treating physician, even though Plaintiff only saw Dr. Salopek four times in three months before preparing the RFC questionnaire and one of the visits was unrelated to Plaintiff's alleged impairments (a gynecological exam). (ECF No. 7-8, pp. 68-79; No. 7-10, pp. 66-72).

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

The ALJ noted three reasons why he afforded Dr. Salopek's opinion little weight: 1) his opinion is inconsistent with the medical evidence as a whole, 2) his opinion is inconsistent with his own treatment records, and 3) his opinion is inconsistent with Plaintiff's subjective complaints. (ECF No. 7-2, pp. 30-31). Plaintiff challenges the first two assertions. (ECF No. 9, pp. 22-29). As more fully set forth below, I disagree with Plaintiff.

### i. Inconsistent with other medical evidence

Plaintiff asserts that Dr. Salopek's opinion set forth in his RFC questionnaire is entitled to controlling weight because there was no substantial conflicting medical evidence. (ECF No. 9, p. 22). Specifically, Plaintiff argues that the opinion of Dr. Tuan Anh Huynh, a consultative examiner, was too vague to be relied upon by the ALJ. (ECF No. 9, pp. 22-24). In addition, Plaintiff argues that the opinion of the state agency non-examining consultant, Dr. Bertron Haywood, should not have been considered because it was based on an incomplete file. (ECF No. 9, pp. 24-26). After a review of the record, I disagree.

With regard to Dr. Huynh, Plaintiff argues that the Dr. Huynh's opinions that Plaintiff had "mild postural limitations" and "moderate exertional limitations," that she would be "mild to

6

moderately" impaired in sitting, standing, moving about, lifting and carrying, and that she would have no impairment upon handling objects, hearing, speaking or traveling were so vague that they cannot be considered inconsistent with the opinion of Dr. Salopek. (ECF No. 9, p. 22, No. 7-8, p. 50). I disagree. While it is true that Dr. Huynh's opinion was not specific as to what he meant by "mild" or "moderate," there is no doubt that Dr. Huynh's functional assessment is inconsistent with Dr. Salopek's RFC opinion. *Compare,* ECF No. 7-8, p. 47-50 *with* ECF No. 79-83. Furthermore, there was no need for the ALJ to recontact Dr. Huynh since the ALJ gave Plaintiff the benefit of the doubt when forming his RFC in limiting Plaintiff to light exertional work, provided a sit/stand option, and limited the Plaintiff to occasional postural movements. (ECF No. 7-2, pp. 23, 27-29). Thus, I find no merit to this argument.

With regard to Dr. Haywood, Plaintiff argues it was erroneous to credit his opinion when Dr. Haywood did not have the opportunity to review any records after July 8, 2010. (ECF No. 9, pp. 25-26). An ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012). I find the ALJ properly considered the opinions of Dr. Haywood in accordance with 20 C.F.R. §§416.927(e), 404.1527(e). Consequently, I find no error in this regard.

Finally, based on my review of the record, I find there is substantial evidence of record to support the decision of the ALJ that Dr. Salopek's RFC opinion is inconsistent with other medical evidence of record. *See, inter alia,* ECF No. 7-7, pp. 51, 55, 57, 71, 79; No. 7-8, p. 88; No. 7-10, p. 4, 16, 39. Thus, remand is not warranted on this basis.

    **ii.**    **Internally inconsistent**

Plaintiff asserts that Dr. Salopek's opinion is not internally inconsistent. (ECF No. 9, p. 22). After a review of the record, however, I find there is substantial evidence of record to support the ALJ's finding in this regard. *See,* ECF No. 7-8, pp. 68-79 and No. 7-10, pp. 66-72, 79-83. For example, while Plaintiff has had carpal tunnel syndrome and she gets cramping

7

feeling in her hands and at times she cannot carry heavy things, Plaintiff indicated that she obtained relief when she used wrist splints at night. (ECF No. 7-10, p. 69). Dr. Salopek gave Plaintiff night splints for this condition. (ECF No. 7-10, p. 70). Yet, in the RFC, Dr. Salopek indicated that Plaintiff has "significant limitations" with reaching, handling or fingering. (ECF No. 7-10, p. 82). Additionally, there is nothing in Dr. Salopek's treating notes to indicate that Plaintiff only can stand/walk for a total of less than two hours a day. *Compare,* ECF No. 7-10, p. 81; *with* ECF No. 7-8, pp. 68-79 and No. 7-10, pp. 66-72.

Moreover, Dr. Salopek's assessment is based, in significant part, on Plaintiff's own reporting. *Id.* "[A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted); *see Clements v. Apfel,* 76 F.Supp.2d 599, 603 (E.D. Pa. 1999) ("It was reasonable for the ALJ to discount a medical opinion based solely on a patient's subjective complaints rather than objective medical evidence."). As the ALJ found that Plaintiff was not entirely credible (ECF No. 7-2, pp. 24, 28-29), the ALJ was then free to reject a medical opinion based almost exclusively on Plaintiff's own reporting. Thus, I find no merit to this argument.

      **iii.    ALJ's "medical judgment"**

Finally, Plaintiff asserts that the ALJ erred in giving Dr. Salopek's RFC opinion little weight because it was based on the ALJ's own medical judgment. (ECF No. 9, pp. 26-29). After a review of the record, I disagree. In this case, the ALJ compared Dr. Salopek's RFC with his treating records and noted the inconsistencies. This does not constitute making a medical judgment. Therefore, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA QUINN BRYSON, )
)
        Plaintiff, )
)
  -vs- )   Civil Action No.   13-1258
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 5th day of June, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                BY THE COURT:

                s/   Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge